ROBERT C. NICHOLAS, SURVIVING EXECUTOR, ETC., PROSECUTOR, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, DEFENDANT.

Submitted January 21, 1941—Decided July 22, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *R. E. & A. D. Watson* and *Paul F. Myers.*

For the defendant, *David T. Wilentz* and *William A. Moore.*

The opinion of the court was delivered by

DONGES, J. The writ of *certiorari* in this case was allowed to review a decree of the Prerogative Court, advised by Vice-Ordinary Buchanan following an opinion by him, which is reported at 128 *N. J. Eq.* 344; 15 *Atl. Rep.* (*2d*) 235. The decree affirmed the determination of the State Tax Commissioner in his holding.

(1) that certain *inter vivos* gifts by James W. Johnson, deceased, to his two daughters were made in contemplation of death and are, therefore, taxable; and

(2) that the value thereof for tax purposes should be fixed as of the date of the gifts and not as of the date of death of the donor.

These are the only questions presented on this review.

As to the first question, we are of opinion that the conclusion of the Vice-Ordinary is supported by the proofs and should be affirmed. The evidence satisfies us that contemplation of death was the dominant and impelling cause of the transfers.

As to the second ground of attack, that the transfers should be taxed on the value of the property transferred as of the time of death rather than as of the time of the transfer, we conclude that this question has been settled by this court in *Wimpfheimer* v. *Martin,* 126 *N. J. L.* 502.

In that case it was said: "Testator's death effects the transfer, and property passing is valued as of that time. *Hartford* v. *Martin,* 122 *N. J. Eq.* 489; 120 *N. J. L.* 564; 122 *Id.* 283. The purpose of voiding transfers in contemplation of death is to defeat evasion of inheritance taxes. If

the transfer *inter vivos* does not succeed, the testator's estate is enlarged at the time of his death for tax purposes to the extent of the then value of the transfer. * * *

"The tax is a transfer tax at death. When there is a life estate the tax upon the remainder awaits the time of beneficial enjoyment. With this exception, all taxes are due upon the death of the testator."

The decree of the Prerogative Court is affirmed as to the first ground of attack and is reversed as to the second ground of attack, without costs.